NOT DESIGNATED FOR PUBLICATION

No. 118,760

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER S. NAMBO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 10, 2018.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and
(h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Christopher S. Nambo appeals the district court's decision to revoke
his probation and remand him to serve his original sentence. We granted Nambo's motion
for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R.
47). The State filed a response but did not contest the motion. After a review of the
record, we affirm the district court.

Nambo pled guilty to burglary and theft, both felonies, and, on June 14, 2016, the
district court sentenced him to 24 months in prison but granted probation from that
sentence for a period of 24 months, despite the fact that Nambo had committed these
offenses while on parole and the district court could have imposed imprisonment. The

1

court's leniency notwithstanding, Nambo repeatedly violated his probation. On October 25, 2016, Nambo violated the terms of his probation and was given a three-day jail sanction. Then on December 22, 2016, Nambo was given a 45-day jail sanction for additional probation violations. On February 23, 2017, Nambo again violated the terms of his probation and was ordered to serve a 120-day prison sanction.

Finally, on May 5, 2017, the State sought to revoke Nambo's probation a fourth time, alleging a number of violations which included that Nambo had committed the crime of shoplifting. His act of shoplifting prompted the State to charge Nambo in a new case with felony theft, and on August 31, 2017, he pled guilty to that crime. At Nambo's probation violation hearing on October 4, 2017, the district court revoked Nambo's probation and ordered him to serve his original prison sentence, citing his conviction for a new crime and his repeated probation violations.

On appeal, Nambo argues the district court abused its discretion by revoking his probation and remanding him to serve his original prison sentence. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. Nambo bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(b)(3)(A) requires the district court to impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate

sanctions include a two- or three-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may, among other actions, revoke probation and remand a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E). An exception to the intermediate sanctions requirement exists under K.S.A. 2017 Supp. 22-3716(c)(8)(A), which allows a district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

Here, the district court had discretion to revoke Nambo's probation and remand him to serve his original prison sentence because it is undisputed that he had committed a new crime while on probation and the district court had already imposed sufficient intermediate sanctions—a 3-day jail sanction and a 120-day prison sanction—as required by K.S.A. 2017 Supp. 22-3716(c)(1)(C). Given Nambo's poor performance on probation, which included the commission of a new crime, Nambo fails to persuade us that *no* reasonable person would have taken the view of the district court. Therefore, the district court did not abuse its discretion in revoking Nambo's probation and remanding him to serve his original sentence.

Finally, for the first time on appeal, Nambo argues his sentence is illegal because it was improperly enhanced due to the district court's increasing his criminal history score by considering his criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because Nambo never timely appealed his sentence after it was imposed, we question whether we have jurisdiction over this issue. Even assuming we do, the Kansas Supreme Court has rejected this argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d

3

904 (Court of Appeals duty bound to follow Supreme Court precedent), *rev. denied* 286 Kan. 1184 (2008).

Affirmed.